IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES N. MCCARDELL, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1121-RGA |
| ADRIAN HAREWOOD, et al., | : |
| Defendants. | : |

James N. McCardell, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 26, 2017
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff James N. McCardell, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). Plaintiff filed an amended complaint on October 23, 2017, and it is the operative pleading. (D.I. 8). He also filed a motion for injunctive relief. (D.I. 9). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 6). The Court proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

On December 15, 2015, Plaintiff was shot and sustained injuries that require him to use a colostomy bag and a suprapubic catheter. Plaintiff alleges Defendants Delaware Department of Correction[2] and Connections Community Support Programs, Inc. have a regular practice of withholding necessary medical care. He alleges he must constantly "fight" with Defendants to receive any type of medical treatment.

Plaintiff has not seen a "GI" physician or urologist in over a year and suffers from constant urinary tract infections which result in the frequent administration of antibiotics. Plaintiff alleges the use of antibiotics is harming his kidneys, and he is developing an

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

[2] Plaintiff describes the DOC as operating a facility that violates the Americans with Disabilities Act, but alleges that Defendants violated his rights under 42 U.S.C. § 1983. The allegations in the amended complaint do not remotely allege any violations of the ADA. To the extent Plaintiff makes such a claim, it will be dismissed as frivolous.

immunity to the antibiotics. Plaintiff alleges it has been determined that surgery is required to correct his problems.

Plaintiff is unable to digest numerous fruits and vegetables. As a result he is unable to consume the food served at the VCC and is constantly hungry. Plaintiff alleges the medical and DOC Defendants advised him they cannot order the type of food he requires.

Plaintiff was seen by a nurse practitioner on October 12, 2017 who adjusted his insulin and prescribed several medications. Later that day, when Plaintiff was called to the infirmary to see Defendant Dr. Adrian Harewood, he told Dr. Harewood he had seen the nurse practitioner. Plaintiff alleges Dr. Harewood cancelled his medications and told Plaintiff that he did not want to see him again. Plaintiff later learned that there was a problem between Dr. Harewood and the nurse practitioner.

Named defendants include Dr. Harewood, DOC Commissioner Perry Phelps, the DOC, Connections, Bureau Chief of the Bureau of Correctional Healthcare Services Marc Richman, and VCC Deputy Warden Phillip Parker. Plaintiff alleges that Defendants' actions constitute deliberate indifference to his serious medical needs. He seeks injunctive relief, as well as compensatory and punitive damages. He also asks the Court to allow inmate Robert Saunders to provide him legal assistance until counsel is secured. In addition to the relief sought in the amended complaint, Plaintiff filed a motion for injunctive relief for Defendants to provide him needed medical services and a medical diet and to allow inmate Saunders to assist him in this case. (D.I. 9).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir.

3

1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Eleventh Amendment**

The DOC, an agency of the State of Delaware, is a named defendant. Claims against the State of Delaware are barred by its Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

The State has not waived its immunity from suit in federal court and, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). Plaintiff's claim against the DOC has no arguable basis in law or in fact and, therefore, will be dismissed as the DOC is immune from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

**Personal Involvement/Respondeat Superior**

It appears that Plaintiff has named Phelps, Richman, and Parker as defendants based upon their supervisory positions. "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Iqbal*, 556 U.S. at 676-77; *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. 2009) (holding "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). The amended complaint does not allege any direct or personal involvement by Phelps, Richman, or Parker other than to identify them as being responsible for matters due to their supervisory positions.

In addition, under the liberal notice pleading standard of Rule 8(a), Plaintiff's claims fails to allege facts that, if proven, would show personal involvement by any of the supervisory Defendants. A civil rights complaint is adequately pled where it states the conduct, time, place, and persons responsible. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). The claims against the foregoing Defendants lack an arguable basis in law or in fact and will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

**Inmate Assistance**

Plaintiff asks the Court to allow inmate Saunders to assist him in this matter. Plaintiff is advised that Saunders, as a non-attorney, may not act as an attorney for other individuals. 28 U.S.C. § 1654; *see also In the Matter of Chojecki*, 2000 WL 679000, at *2 (E.D. Pa. May 22, 2000) (citing *United States v. Stepard*, 876 F. Supp. 214, 215 (D. Ariz. 1994) ("Although a non-attorney may appear in propria persona on his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself.").

In addition, Plaintiff's request would require the Court to inject itself in the administration of the VCC. Prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 527 (1979). The federal courts are not overseers of the day-to-day management of prisons, and the Court will not interfere in the VCC determination whether or not to allow Saunders to assist Plaintiff. Accordingly, the Court will deny that portion of Plaintiff's motion for injunctive relief that seeks Saunders' assistance. (D.I. 9).

**Motion for Injunctive Relief**

Plaintiff's motion for injunctive relief also seeks medical care and a medical diet. (D.I. 9). The Court will order the remaining Defendants and the VCC warden to respond to the motion.

## CONCLUSION

For the above reasons, the Court will dismiss all claims against Perry Phelps, the Delaware Department of Correction, Marc Richman, and Phillip Parker as frivolous and based upon immunity from suit pursuant to U.S.C. § 1915(e)(2)(B)(i) and (iii) and § 1915A(b)(1) and (2). Plaintiff will be allowed to proceed with the medical needs claims raised against Dr. Adrian Harewood and Connections Community Support Programs, Inc. Plaintiff's request for inmate assistance will be denied and the remaining Defendants and the VCC warden will be ordered to respond to Plaintiff's motion for injunctive relief for medical care and a medical diet. (*See* D.I. 9).

An appropriate order will be entered.