# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| James N. McCardell, | ) |
|        Plaintiff, | ) |
| | ) C.A. No. 17-CV-1121-RGA |
| v. | ) |
| | ) TRIAL BY JURY OF TWELVE |
| Adrian Harewood, *et al.*, | ) DEMANDED |
| | ) |
|        Defendants. | ) |
| | ) |

## **MOTION TO DISMISS**

Connections Community Services Program Inc., by and through the undersigned counsel, hereby moves to dismiss the First Amended Complaint (D.I. 8), pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff's allegations fail to state a cognizable claim against Connections because Plaintiff has not identified a specific policy or practice by Connections the he contends is constitutionally deficient. Instead, it appears that Plaintiff seeks to impose liability against Connections based on a theory of vicarious liability. Because constitutional liability may not attach against Connections for the purported conduct of its employees, but rather requires a showing of personal involvement in the alleged constitutional harm by Connections itself, Plaintiff's claims against Connections are insufficient as a matter of law and must accordingly be dismissed.

### Background

1. This case arises from an inmate's dispute with the level of treatment he received, and is continuing to receive, in prison for his urinary-related issues. In his Amended Complaint, Plaintiff claims that in December of 2015, he sustained a gunshot wound to his abdomen, after which he was required to use a colostomy bag and a suprapubic catheter. Am. Compl. at 1.

Plaintiff further contends that he has "constant urinary tract infections" for which he is given and takes several antibiotics. *Id.* These medications, Plaintiff claims, caused harm to his kidneys, and additionally he has over time developed resistance to some of these antibiotics. *Id.* Plaintiff claims that despite a need, he has not been seen by an urologist or other specialist in over a year and half, and this is due, according to Plaintiff, to cost-related reasons. However, Plaintiff was informed that any delay in seeing a specialist was due to the difficulty in finding one willing to see and treat him. Am. Compl. at 2.

2. A few months ago, on October 12, 2017, Plaintiff was seen by a nurse practitioner for his chronic issues, including for adjustment on his insulin medication and for prescription antibiotics. *Id.* He claims that later that day, he was seen in the infirmary by Adrian Harewood, the medical director at the prison, who purportedly became upset with him and cancelled all of his medication. *Id.* Apart from these issues, Plaintiff also alleges that the Department of Correction ("DOC") failed to provide him with a nutritionally appropriate diet, as he is unable to digest certain fruits and vegetables. *Id.*

3. Through this action, Plaintiff seeks both injunctive relief and compensation from DOC and its officers, Connections, and Dr. Harewood based on an Eighth Amendment claim of deliberate indifference under 42 U.S.C. § 1983. Am. Compl. at 3–5. As to Plaintiff's request for injunctive relief, this Court ordered Warden Dana Metzger of James T. Vaughn Correctional Center to respond to Plaintiff's motion for injunctive relief. *See* Order (D.I. 9). Warden Metzger filed a response to Plaintiff's motion on November 3, 2017. (D.I. 12.) In it, the Warden, after confirming with DOC's Bureau of Healthcare Services, stated that in 2015 Plaintiff had sustained injuries to his bowls and urinary tract. (D.I. 12 ¶ 3.) For these injuries, Plaintiff received a colostomy and a suprapubic catherization from both a trauma surgeon and urologist

outside of the prison. *Id.* However, the urologist who has assisted in Plaintiff's surgery has since refused to care for DOC inmates, including Plaintiff, on an outpatient basis. *Id.* Additional efforts to find an urologist to treat Plaintiff have been unavailing. *Id.* Warden Metzger further indicated that currently Connections is engaged in discussions with John Hopkins Hospital to treat Plaintiff, including for possible suprapubic catheter and colostomy reversal. *Id.*

4. In his Amended Complaint, Plaintiff claims that both the DOC, its officers, and Connections should be found liable as they have a policy and practice of withholding necessary medical treatment. Am. Compl. at 1. Upon review of the Amended Complaint, the Court dismissed DOC and its officers, finding that the claims against them were frivolous. *See* Mem. Op. dated October 26, 2017 (D.I. 10, the "Opinion"). As to DOC, the Court found that the claims against it were barred by Eleventh Amendment sovereign immunity. Op. at 6. Against the DOC officers, the Court concluded that the allegations were insufficient to show personal involvement on their part, but instead were an attempt to hold them liable as supervisors for the alleged conduct of their subordinates—something Plaintiff was not permitted to do. Op. at 7. The Court, however, left remaining the claims against Connections and Dr. Adrian Harewood. Op. at 8. Connections is entitled to dismissal of the claims against it because Plaintiff has not demonstrated the requisite personal involvement to impose constitutional liability against it.

**Legal Standard**

5. To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Afdahl v. Cancellieri*, 463 F. App'x 104, 107 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 667 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A *pro se* plaintiff's pleadings are "liberally construed" and "held to a less stringent standard[] than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Despite this less-stringent standard and to prevent a dismissal, "civil complaints must allege 'sufficient factual matter' to show that the claim is facially plausible." *King v. Doe*, 2011 U.S. Dist. LEXIS 73542, at *6 (D. Del. July 6, 2011) (citations omitted). In other words, stating a claim "'requires a complaint with enough factual matter (taken as true) to suggest' the required element[s]." *Carter v. Taylor*, 540 F. Supp. 2d 522, 526 (D. Del. 2008) (citations omitted). If, after examining the complaint, attached exhibits, and matter of public record, the complaint fails to comport with the plausibility requirement of Rule 12, dismissal is appropriate. *King*, 2011 U.S. Dist. LEXIS 73542, at *13.

**Argument**

6. Plaintiff's claims against Connections fail because they are insufficient to plausibly show a policy or practice by Connections to subject it to constitutional liability. The law is clear that a medical provider, such as Connections, may only be liable if it maintained a policy or practice that demonstrates deliberate indifference to a serious medical need. *Steedley v. McBride*, 2015 U.S. Dist. LEXIS 94328, at *12 (D. Del. July 20, 2015). Connections cannot be held liable for a constitutional violation based on vicarious liability. "[P]ersonal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right." *Francis v. Carroll*, 773 F. Supp. 2d 483, 489 (D. Del. 2011). The only way to demonstrate that an employer-entity, such as Connections, was personally involved in bringing about an alleged constitutional wrong is to establish that it was deliberately indifferent

to an unreasonable risk posed by a defective policy and that policy was the moving force behind the constitutional injury. *See generally City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

7. In order to plausibly plead a constitutional claim against Connections, a party must therefore point to a policy that Connection failed to employ and allege the following: (1) the policy or procedure in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the medical provider was aware that the policy created an unreasonable risk of a constitutional violation; (3) the provider was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the policy or practice. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 317 (3d. Cir. 2014) *cert. granted, judgment rev'd nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

8. Plaintiff has pointed to nothing in the Amended Complaint that shows liability against Connections based on a deficient policy or procedure. Vaguely alleging that it, along with DOC, had a policy of withholding necessary medical treatment is insufficient to plead a policy or practices claim of Eighth Amendment deliberate indifference. Not only are these allegations refuted by Plaintiff himself in his Amended Complaint (in which he states that he received surgery and prescription medication for his urinary tract infections), they are too vague and too conclusory under Rule 12's pleading requirement. The Third Circuit has explained that a plaintiff "must [] identify specifically what it is that the [employer-entity] failed to do that evidences its deliberate indifference." *Sample*, 885 F.2d 1099, 1118 (3d Cir. 1989). Generally claiming that nothing was done, and that this was the "policy" of Connections ignores this requirement and fails to plausibly show Connections' personal involvement in the alleged constitutional injury.

9. This Court recently dismissed an inmate's claim of deliberate indifference against Connection, where—like here—the inmate had failed to put forth factual allegations to demonstrate a constitutionally deficient policy or practice maintained by Connections. *See Shabazz v. Connections Cmty. Support Programs, Inc.*, 2017 U.S. Dist. LEXIS, at *6 (D. Del. Nov. 27, 2017) (finding that the plaintiff "lack[ed] plausible factual allegations for his claim that [Connections] implemented policies, customs, and/or practices that deny medical treatment"). In so dismissing, the Court explained that apart from failing to "specify what exactly th[e] custom or policy was" that was constitutionally deficient, the plaintiff had also failed to "point to similar treatment of other inmates" to show Connections' awareness of and deliberate indifference to that risk. *Id.*

10. Much like the absence of factual allegations to support a policy or practices claim in that case, Plaintiff has provided no facts to support an Eighth Amendment claim of deliberate indifference against Connections here: Plaintiff has not identified with sufficient particularity a constitutionally defective policy or practice by Connections. Plaintiff has not alleged facts to demonstrate any risk posed by that policy or practice. Nor has Plaintiff pled facts to show Connections' awareness and deliberate indifference to that risk. Absent such factual allegations, Plaintiff's Eighth Amendment claim of deliberate indifference against Connections falls short of plausibly pleading claim to relief.

## Conclusion

**WHEREFORE**, for the reasons set forth herein, this Court should dismiss with prejudice the claims against Connections and grant such further relief as this Court deems just and proper.

20217475v.1

-7-

                                   **WHITE AND WILLIAMS LLP**

*/s/ Roopa Sabesan*

**DANA SPRING MONZO (#4605)**
**ROOPA SABESAN (#5951)**
Courthouse Square
600 North King Street, Suite 800
Wilmington, DE  19801
(302) 654-0424
Attorneys for Defendant,
Connections Community Support Programs

Date:  January 3, 2018

-7-

20217475v.1