IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES N. MCCARDELL, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1121-RGA |
| ADRIAN HAREWOOD, et al., | : |
| Defendants. | : |

## **MEMORANDUM ORDER**

At Wilmington this 9 day of January, 2018.

1. Plaintiff James N. McCardell, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff filed an amended complaint on October 23, 2017, and it is the operative pleading. (D.I. 8). Plaintiff has filed a motion for injunctive relief and a request for counsel. (D.I. 9, 15).

2. Plaintiff was allowed to proceed on claims against medical defendants Dr. Adrian Harewood and Connections Community Support Program, Inc. A service order was entered on October 26, 2017. In the order, the medical defendants were ordered to file a response to Plaintiff's motion for injunctive relief for medical care and a medical diet within fourteen days of service. (D.I. 11 at p.3 at ¶ 3). Connections has been served and has filed a motion to dismiss but, to date, has not complied with the order to respond to the motion for injunctive relief. It is ordered to do so.

1

3.  Plaintiff seeks counsel. (D.I. 15). To date Dr. Harewood has not been served and this case is in its early stages. Therefore, the request for counsel will be denied without prejudice to renew upon service of Dr. Harewood.

4.  Connections has been served, but Dr. Harewood has not. (*See* D.I. 18, 19). The United States Marshals Service unsuccessfully attempted to personally serve Dr. Harewood. (*See* D.I. 18). The USMS was advised that Dr. Harewood could not be found at the address provided, and he is not an employee of Connections. Hence it is not clear if Dr. Harewood is a former employee of Connections or if he is employed by the Delaware Department of Correction, although it appears from Plaintiff's allegations that during the relevant time period, Dr. Harewood was employed by Connections.

5.  The court has a responsibility to assist *pro se* plaintiffs in the service of process. See *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010). This court has entered orders to assist *pro se* plaintiffs in obtaining addresses of defendants so that service may be effected. *See also In Re Johnson*, 2001 WL 1286254 (D.C. Cir. Sept. 28, 2001) (district court ordered individual to indicate where and when he was available for service of process or to provide district court with name and address of individual authorized to accept service of process on his behalf); *Palmer v. Stewart*, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (court ordered counsel for New York City to file an affidavit containing name and address to assist *pro se* plaintiff in service of process); *Garrett v. Miller*, 2003 WL 1790954 (N.D. Ill. Apr. 1, 2003) (counsel for defendants ordered to provide address to court to assist pro se plaintiff in obtaining service of process). Additionally, the court's inherent power allows it to enter orders to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Hritz v.*

2

*Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962). Without the correct address, Plaintiff cannot effect service.

THEREFORE, IT IS ORDERED that:

1. On or before **JANUARY 17, 2018**, Defendant Connections shall comply with the Court's October 26, 2017 order and file a response to Plaintiff's motion for injunctive relief. (D.I. 9).

2. Plaintiff's request for counsel is DENIED without prejudice to renew. (D.I. 15).

IT IS FURTHER ORDERED that:

1. On or before **JANUARY 17, 2018**, Defendant Connections (who has been served and entered its appearance) shall provide to the Court, under seal, the last known address for Dr. Adrian Harewood and, if known, whether he is still employed by Connections and, if so, the correctional facility where he is now located so that he may be served.

2. Within twenty-one days from the filing of the sealed information, Plaintiff shall request the Clerk of Court to prepare a summons for Dr. Adrian Harewood, and submit to the Court a complete U.S. Marshal-285 form as well a copy of the amended complaint (D.I. 8) for personal service upon Dr. Adrian Harewood pursuant to Fed. R. Civ. P. 4(b), (c)(1), (c)(3), and (e). Plaintiff is not required fill in the "Serve At" section. The "Serve At" section will be completed by the Court. Plaintiff is notified that the USMS will not personally serve the amended complaint until the "U.S. Marshal 285" form and a copy of the amended complaint have been received by the Clerk of Court. Failure to timely provide the "U.S. Marshal 285" form and copy of the amended

complaint for Defendant may result in his dismissal pursuant to Federal Rule of Civil Procedure 4(m).

3.  Upon receipt of the request for issuance of summons, the USM-285 form, and a copy of the amended complaint required by paragraph 2 above, the Clerk of Court shall issue the summons and transmit the summons, USM-285 form, copy of the amended complaint (D.I. 8), the October 26, 2017 memorandum opinion and order (D.I. 10, 11), the September 15, 2017 filing fee order (D.I. 6), and this memorandum order to the USMS for immediate service pursuant to Fed. R. Civ. P. 4(c). The USMS shall personally serve process and a copy of this order upon Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

4.  Within ten days after personal service is effected, the USMS shall file the return of service for defendant, along with the costs incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form. The executed return of service or return for the defendant SHALL BE FILED UNDER SEAL.

IT IS FINALLY ORDERED that:

1.  In the alternative, since it may be the case that Dr. Adrian Harewood is a current or former employee of the Delaware Department of Correction, the Clerk of Court shall also notify the Delaware Department of Correction ("DDOC") and the Delaware Department of Justice ("DDOJ") of this service order. As an attachment to this order, the Clerk of Court shall serve an electronic copy of the amended complaint copy of the amended complaint (D.I. 8), and the October 26, 2017 memorandum opinion and order (D.I. 10, 11),upon the DOC and the DDOJ. If Defendant Dr. Adrian

4

Harewood is employed by the DOC, the Court requests that Dr. Adrian Harewood waive service of summons.

2. The DDOC and/or the DDOJ shall have ninety (90) days from entry of this service order to file a waiver of service executed and/or a waiver of service unexecuted. Upon the electronic filing of service executed, defendant shall have sixty (60) days to answer or otherwise respond to the pro se complaint.

3. In those cases where a waiver of service unexecuted is filed, the DDOC and/or DDOJ shall have ten (10) days from the filing of the waiver of service unexecuted, to supply the Clerk of Court with the last known forwarding addresses for former employees, said addresses to be placed under seal and used only for the purpose of attempting to effect service in the traditional manner.

*Richard G. Andrews*
UNITED STATES DISTRICT JUDGE