IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES N. MCCARDELL, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1121-RGA |
| ADRIAN HAREWOOD, et al., | : |
| Defendants. | : |

**MEMORANDUM**

1. **Introduction.** Plaintiff James N. McCardell, an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff appears *pro se* and has granted leave to proceed *in forma pauperis*. (D.I. 6). On October 23, 2017, Plaintiff filed a motion for injunctive relief for medical care and a medical diet. (D.I. 9). The Court ordered the VCC Warden and the medical health care provider, Connections Community Support Programs, Inc., to respond to the motion. Both oppose. (D.I. 12, 24).

2. **Motion for Injunctive Relief.** A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) (a

temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

3. **Background**. As set forth in the first amended complaint (D.I. 8), on December 15, 2015, Plaintiff was shot and sustained injuries that require him to use a colostomy bag and a suprapubic catheter. Plaintiff has not seen a GI physician or urologist in over a year and suffers from constant urinary tract infections which result in the frequent administration of antibiotics. Plaintiff alleges the use of antibiotics is harming his kidneys, and he is developing an immunity to the antibiotics. He contends surgery is required to correct his problems. In addition, Plaintiff is unable to digest numerous fruits and vegetables and, as a result, is unable to consume the food served at the VCC. Plaintiff alleges he has been advised that Defendants cannot order the type of food he requires. Plaintiff seeks injunctive relief for medical care and a medical diet.

4. In opposition to Plaintiff's motion, Warden Metzger and Connections provided the affidavits of Marc D. Richman, Bureau Chief for the Delaware Department of Correction, Bureau of Correctional Healthcare Services, and Christopher Moen, Chief Medical Officer for Connections. (D.I. 12, 24) The affidavits indicate Connections has sought an outside specialist for Plaintiff to treat his urinary issues. The urologist who

performed Plaintiff's initial procedures refused to continue care, and suggested Plaintiff see out-of-state specialists for his rather complex injuries. There are no urologists in the State of Delaware willing to see and to treat Plaintiff. As a result, Connections made several attempts with Temple University urologists to consult and provide treatment to Plaintiff. Temple University declined to provide care to Plaintiff in October, 2017. In November, 2017, Connections contacted urologists at Johns Hopkins University regarding Plaintiff's medical care, and it is actively seeking to schedule a consultation. Dr. Moen is in the process of securing an agreement with Johns Hopkins University, so urologists there can examine and provide further medical care to Plaintiff. In addition, Dr. Moen states that he does not believe Plaintiff requires a specialized diet because of his colostomy or his urinary infections.

5. In light of the unrefuted affidavits submitted by the VCC Warden and Connections, the Court concludes that Plaintiff has not met the requirements for injunctive relief. Medical care has been provided, and specialty care is being sought for Plaintiff, despite the difficulties encountered by Connections. As a result, Plaintiff has failed to show a likelihood of success on the merits, and has failed to demonstrate irreparable harm. Therefore, the Court will deny the motion.

6. **Conclusion.** For the above reasons, the Court will deny the motion for injunctive relief. (D.I. 9). A separate order shall issue.

*[signature]*
United States District Judge