IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES N. MCCARDELL, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1121-RGA |
| CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., | : |
| Defendant. | : |

James N. McCardell, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

Roopa Sabesan, Esquire, White & Williams, Wilmington, Delaware, Counsel for Defendant.

**MEMORANDUM OPINION**

July 25, 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff James N. McCardell, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1). Plaintiff filed an amended complaint on October 23, 2017, and it is the operative pleading. (D.I. 8). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 6). Before the Court is Defendant Connections Community Support Programs, Inc.'s motion to dismiss and Plaintiff's request for counsel. (D.I. 20, 34). Briefing is complete.

## BACKGROUND

The Court screened the Amended Complaint on October 26, 2017 and identified cognizable and non-frivolous clams. (*See* D.I. 10, 11). Plaintiff named several defendants, all of whom have been dismissed except for Connections. Connections moves to dismiss pursuant to Rule 12(b)(6) on the grounds that the claims against it are insufficient to plausibly show Connections has a policy or practice to subject it to constitutional liability.

## MOTION TO DISMISS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded,

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

2

When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). To establish that Defendant is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories). Assuming the acts of Defendant's employee have violated a person's constitutional rights, those acts may be deemed the result of a policy or custom of the entity for whom the employee works, thereby rendering the entity liable under § 1983, where the inadequacy of existing practice is so likely to result in the violation of constitutional rights that the policymaker can reasonably be said to have been deliberately indifferent to the need. *See Natale*, 318 F.3d at 584.

"'Policy is made when a decisionmaker possess[ing] final authority to establish . . . policy with respect to the action issues an official proclamation, policy or edict.'" *Miller v. Corr. Med. Sys., Inc.*, 802 F. Supp. at 1132 (alteration in original) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute

3

law." *Id.* (citing *Andrews*, 895 F.2d at 1480; *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989)).

As noted above, Connections argues dismissal is appropriate because the Amended Complaint does not state it has a deficient policy or procedure. It contends that Plaintiff's vague allegations are insufficient to plead a policy or practices claim of Eighth Amendment deliberate indifference.

The Amended Complaint alleges that Plaintiff sustained injuries that require him to use a colostomy bag and a suprapubic catheter. Plaintiff alleges Defendant has a regular practice of withholding necessary medical care and that he must constantly "fight" with Defendant to receive any type of medical treatment. The Amended Complaint alleges that Plaintiff has not seen a GI physician or urologist in over a year and suffers from constant urinary tract infections which result in the frequent administration of antibiotics. The Amended Complaint alleges it has been determined that surgery is required to correct his problems, that an outside specialist could provide Plaintiff the required medical care, but Defendant does not want to cover the cost.

There is no dispute that Connections is responsible for inmate care at VCC. It is alleged that Plaintiff has a serious medical condition, that his condition requires treatment by specialists, and Plaintiff has not received outside treatment because Defendant does not want to cover the cost. Plaintiff is not required to recite the specific text or official policy. He must only place Defendant on notice as to its alleged improper conduct and the policy in place that created such conduct.

Liberally construing the allegations as I must, Plaintiff adequately states a claim against Defendant. The Amended Complaint pleads facts that Plaintiff has not received

4

outside medical care for some time despite the necessity for it and that Defendant has a policy to restrict access to medical care due to cost consideration. While discovery may show that Defendant acted properly, at this early stage of the litigation, Plaintiff has pled sufficient facts to proceed against Defendant. Therefore, the Court will deny the motion to dismiss.

## REQUEST FOR COUNSEL

Plaintiff seeks counsel on the grounds that he is unable to afford counsel, he has been unable to secure counsel, the case involves complex issues and will require expert testimony, he lacks legal knowledge and must depend upon others to assist him, the law library does not prepare filings for inmate litigants, he is unable to depose Defendant or secure needed expert witnesses, and he is frequently housed in the infirmary due to his medical condition. (D.I. 34).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[2] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the

---

[2]See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

5

merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. Tabron, 6 F.3d at 157.

I cannot say at this point that Plaintiff has met the threshold inquiry. At a later point, if and when the threshold inquiry is satisfied, I might well request volunteer counsel, but it would be premature to do so now. I do note that Plaintiff has ably represented himself to date and this case is its earliest stages. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. Should the need for counsel arise later, one can be sought at that time.

## CONCLUSION

For the above reasons, the Court will: (1) deny Defendant's motion to dismiss (D.I. 20); and (2) deny without prejudice to renew Plaintiff's request for counsel. (D.I. 34).

An appropriate order will be entered.