IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES N. MCCARDELL,<br><br>Plaintiff,<br><br>v.<br><br>CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC.,<br><br>Defendant. | : | Civil Action No. 17-1121-RGA |

**MEMORANDUM**

1. **Introduction**. Plaintiff James N. McCardell, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff appears *pro se* and has granted leave to proceed *in forma pauperis*. (D.I. 6). On October 22, 2018, Plaintiff filed a second motion for injunctive relief for medical care. (D.I. 44). Defendant opposes the motion. (D.I. 45).

2. **Motion for Injunctive Relief**. A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.* at 153. The standards for obtaining a temporary restraining order are the same. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison

context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008).

3. **Background**. As set forth in the First Amended Complaint (D.I. 8), on December 15, 2015, Plaintiff was shot and sustained injuries that require him to use a colostomy bag and a suprapubic catheter. Plaintiff seeks specialized medical care designated by a medical specialist. (D.I. 44). Connections responds that, despite some challenges in having an outside specialist treat Plaintiff for his urinary related issues, it was able to secure a Johns Hopkins' urologist for that purpose. Plaintiff has been seen by the urologist and is currently scheduled for further follow-up care and treatment at Johns Hopkins. (D.I. 45).

5. Based upon Connections' representations, the Court concludes that Plaintiff has not met the requirements for injunctive relief. Medical care has been provided, Plaintiff has been seen by a specialist, and follow-up care is scheduled. As a result, Plaintiff has failed to show a likelihood of success on the merits, and has failed to demonstrate irreparable harm. Therefore, the Court will deny the motion.

6. **Conclusion**. For the above reasons, the Court will deny the motion for injunctive relief and a temporary restraining order. (D.I. 44). A separate order shall issue.

November 19, 2018
Wilmington, Delaware

[signature]
United States District Judge