IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES N. MCCARDELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action. No. 17-1121-RGA ) |
| CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 30 day of May, 2019, having considered Plaintiff's motions to compel (D.I. 41, 63, 67) and motion to supplement and/or request for counsel (D.I. 74),

IT IS HEREBY ORDERED that: (1) the motions to compel (D.I. 41, 67) are **GRANTED** in part and **DENIED** in part; (2) Defendant shall produce the contract between Defendant and the Delaware Department of Correction on or before June 4, 2019; (3) the motion to compel (D.I. 63) is **DENIED**; (4) the motion to supplement the request for counsel (D.I. 74) is **DISMISSED** as moot; and (5) the request for counsel (D.I. 74) is **DENIED** without prejudice to renew, for the reasons that follow:

1. **Motions to Compel Documents, D.I. 41, 67.** Plaintiff James N. McCardell, an inmate housed at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this case pursuant to 42 U.S.C. § 1983. On August 3, 2018, he filed a request for production of documents upon Defendant. (D.I. 37). On September 12, 2018, he filed a motion to compel responses to the request. (D.I. 41). On January 9, 2019, Defendant responded to the request. (D.I. 54, 55, 56, 57, 58, 59). Defendant

objected to some of the requests, but also provided a voluminous amount of responsive documents. (*See id.*). On March 12, 2019, Defendant supplemented its response. (D.I. 70). On February 5, 2019, Plaintiff filed another motion to compel seeking the same information as sought in the August 3, 2018 request for production of documents. (D.I. 67).

2. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court has reviewed Plaintiff's requests and Defendant's responses and finds that Defendant's objections are well-taken and responses adequate, with the exception of it not providing a copy of the medical contract between Defendant and the Delaware Department of Correction because it is available on-line. However, Plaintiff, an incarcerated individual, does not have internet access. Therefore, Defendant shall provide the document to Plaintiff on or before June 4, 2019.

3. **Motion to Compel Admissions, D.I. 63.** On December 10, 2018, Plaintiff served a request for admissions upon Defendant. (D.I. 52). On January 9, 2019,

Defendant filed its responses.[1] (D.I. 53). On January 14, 2019, Plaintiff filed a motion to compel Defendant to respond to the requests for admissions. (D.I. 63, 64). Defendant timely responded to the request for admission. Therefore, the motion to compel will be denied.

4. **Motion to Supplement Request for Counsel, D.I. 74**. Plaintiff filed a request for counsel on June 21, 2018. (D.I. 34). On July 25, 2018, the request was denied without prejudice to renew. (D.I. 35, 36). Plaintiff moves to supplement the June 2018 request for counsel under the mistaken belief that the Court did not rule on the motion. Therefore, the motion will be dismissed as moot.

5. To the extent Plaintiff seeks to renew his request for counsel, the Court notes that he proceeds *pro se* and has been granted *in forma pauperis* status. However, a *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

6. After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case

---

[1] Defendant amended its responses on May 20, 2019. (*See* D.I. 78).

3

considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. See Montgomery v. Pinchak, 294 F.3d 492, 498-99 (3d Cir. 2002); Tabron, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. Tabron, 6 F.3d at 157.

7. Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the Tabron factors militate against granting his request for counsel. After reviewing Plaintiff's complaint, the Court concludes that the case is not so factually or legally complex that requesting an attorney to volunteer to represent Plaintiff is warranted. In addition, Plaintiff has ably represented himself to date, including obtaining the necessary discovery. Therefore, the Court will deny Plaintiff's request for counsel without prejudice to renew. (D.I. 74). Should the need for counsel arise later, one can be sought at that time.

UNITED STATES DISTRICT JUDGE